UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CAMP, | 1:18-cv-00908-LJO-GSA-PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO OBEY COURT ORDER** |
| vs. | **(ECF No. 2.)** |
| SCOTT KIERNAN, et al., | **OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |
| Defendants. | |

**I.  BACKGROUND**

Daniel Camp ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On February 16, 2018, Plaintiff and his co-plaintiff Antoine LeBlanc, filed the Complaint commencing this action in the United States District Court for the Central District of California. (ECF No. 1.) On April 30, 2018, the case was transferred to this court.[1]

On July 5, 2018, the court issued an order severing the two plaintiffs' claims and directing the clerk to open a new case for Daniel Camp. (ECF No. 2.) The clerk opened this case, 1:18-cv-00908-LJO-GSA-PC, with Daniel Camp as the only plaintiff. Plaintiff was ordered to file an amended complaint in his new case within thirty days. (Id.) Plaintiff was also ordered to submit

---

[1] The original case was assigned case number 1:18-cv-00591-LJO-GSA-PC. (Court Docket.)

1

an application to proceed *in forma pauperis*, or pay the $400.00 filing fee for this case, within forty-five days. (Id.) Plaintiff has not filed an amended complaint, submitted an application to proceed *in forma pauperis*, paid the $400.00 filing fee, or otherwise responded to the court's order, and the deadlines for compliance have expired.

## II.   DISMISSAL FOR FAILURE TO COMPLY WITH COURT ORDER

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since February 16, 2018. Plaintiff's failure to comply with the court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the court cannot continue to expend its scarce resources assisting a litigant who will not file a complaint or resolve the payment of the filing fee in his own case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file a complaint and resolve the payment of the filing fee that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Given that Plaintiff is a prisoner proceeding *pro se* who has not complied with the court's order to file an application to proceed in *forma pauperis* or pay the filing fee, the court finds monetary sanctions of little use,

and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

## III.  CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the court **HEREBY RECOMMENDS** that this action be dismissed based on Plaintiff's failure to obey the court's order of July 5, 2018.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __September 17, 2018__                    __/s/ Gary S. Austin__
                                                                   UNITED STATES MAGISTRATE JUDGE